IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE AUTO INSURANCE COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>ANN MARIE CHRISTENSEN, an individual, and as Trustee of the Blaine and Ann Marie Christensen Trust, dated November 16, 2006, PINEVIEW BUILDERS, INC., a Utah corporation, and MICHAEL R. WORKMAN, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [10] MOTION TO DISMISS**<br><br>Case No. 2:19-cv-00751-DBB<br><br>District Judge David Barlow |

Defendants Pineview Builders Inc. ("Pineview") and Michael R. Workman moved under Fed. R. Civ. P. 12(b)(1) to dismiss (the "Motion")[1] Plaintiff State Auto Insurance Companies' ("State Auto") Complaint.[2] Specifically, defendants assert that State Auto fails to sufficiently allege that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000.00.[3]

For the reasons that follow, the court DENIES the Motion.

## FACTS

State Auto provided liability insurance to Pineview during the construction of Ann Christensen's home.[4] Christensen sued Pineview and Workman in state court for damages from

---

[1] Defendants Pineview Builders, Inc. and Michael Workman's Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(1) (Mot. to Dismiss), ECF No. 10, filed December 2, 2019.

[2] Complaint for Declaratory Judgment (Compl.), ECF No. 2, filed October 10, 2019.

[3] Mot. to Dismiss at 5–7.

[4] Compl. at 5.

Pineview's alleged breach of the construction contract.[5] State Auto then filed this suit, requesting declaratory judgment that State Auto need not defend or indemnify Pineview and Workman in the state court lawsuit. State Auto maintains that this relief is appropriate because its insurance policy did not cover Pineview and Workman's alleged misconduct in constructing Christensen's home.[6]

The amount in controversy in the state court action provides the amount in controversy here because State Auto could be required to indemnify Pineview and Workman by the state court.[7] In the underlying state court complaint, Christensen alleges that the difference between Pineview's estimated cost of construction and the actual cost of construction was $432,323.[8] In addition, the difference between what Christensen paid in construction costs and the ultimate sale price for the home amounted to a loss of $161,974.[9] Christensen further alleges in the underlying complaint that her case "falls within Tier 3 of Rule 26(c)(3) of the Utah Rules of Civil Procedure."[10]

## LEGAL STANDARD

Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction.[11] When reviewing a facial attack, the district court accepts the allegations in the complaint and

---

[5] Underlying Compl., ECF No. 2-2, Exhibit 1 to Compl.

[6] Compl. at 14–15.

[7] Memorandum in Opposition to Motion to Dismiss for Lack of Jurisdiction (Opp'n) at 2, ECF No. 12, filed December 30, 2019.

[8] Compl. at 3, ¶ 15.

[9] Id. at ¶ 14.

[10] Underlying Compl. at 2, ¶ 7.

[11] Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (citing Holt v. United States, 46 F.3d 1000, 1002 (10th Cir.1995)).

accompanying exhibits as true.[12] Alternately, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based, known as a factual attack.[13] When reviewing a factual attack, the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[14]

## DISCUSSION

As a preliminary matter, Defendants' Motion to Dismiss emphasizes the difference between a facial and factual attack on the statements State Auto makes in its Complaint.[15] Defendants argue that the Motion is a factual attack on the truthfulness of the allegations in the Complaint, and therefore the Court is not required to accept the allegations in State Auto's Complaint as true.[16] State Auto argues that the Motion is a facial attack, as Defendants merely assert that the Complaint's allegations are not sufficient to establish subject matter jurisdiction, rather than disputing their veracity.[17]

Here, Defendants do not argue that the damages alleged by Christensen in the underlying action (and thus the potential costs to State Auto) are actually less than set forth in the Complaint; instead, Defendants argue that the *factual* allegations therein, even if accepted as true, are not sufficient to establish the amount in controversy.[18] Defendants do not assert that the Complaint's allegations are untrue, but rather that the facts as alleged cannot support recovery in

---

[12] E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1303 (10th Cir. 2001).

[13] Stuart, 271 F.3d at 1225.

[14] Id. (citing Holt, 46 F.3d at 1003).

[15] Mot. to Dismiss at 4–5.

[16] Id.

[17] Opp'n at 5–6.

[18] Mot. to Dismiss at 8.

excess of the jurisdictional requirement—a facial attack on the allegations as to the amount in controversy.[19] Therefore, the Court accepts the facts in the Complaint and accompanying exhibits as true for purposes of deciding this Motion.

### The Contract Does Not Bar a State Court Recovery

28 U.S.C. § 1332 confers original jurisdiction on federal district courts in civil cases between diverse parties where the amount in controversy exceeds $75,000.[20] "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover" the amount necessary for jurisdiction.[21]

The legal certainty standard is very strict, and there is a strong presumption favoring the amount alleged by the plaintiff as long as it is made in good faith.[22] The legal impossibility of a recovery meeting the jurisdictional requirement must be so certain that it essentially destroys the plaintiff's good faith in bringing the claim.[23] "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."[24]

Defendants argue that because Christensen's contract with Pineview was a "cost-plus" contract, wherein the property owner agrees to pay the actual costs of construction plus a fixed fee, it is legally certain that she cannot recover for any increased amount incurred for the

---

[19] Id.

[20] 28 U.S.C. § 1332(a) (2018).

[21] Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1216 (10th Cir. 2003) (quoting Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir.1994)).

[22] Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014), see also Manganaro, 342 F.3d at 1216–17.

[23] Manganaro, 342 F.3d at 1216.

[24] Id. at 1217 (citation omitted).

construction of the home in the state court action.[25] However, Utah law does not support this analysis. Although a cost-plus contract can be valid even without a defined price term at the time of formation, parties are not bound to pay "*any* amount later calculated," but are "only obligated to pay a reasonable price."[26] Christensen claims that that the difference in the estimated cost of construction and the actual cost is the fault of Pineview and Workman,[27] and it is entirely possible that the state court may find the actual costs of construction unreasonable in an amount over $75,000, considering the alleged cost difference of $432,323. Therefore, it is not legally certain that Christensen will not recover an amount in excess of the jurisdictional requirement. Furthermore, there exists no legal certainty that State Auto will not be called upon to indemnify Pineview and Workman for this amount.

**Christensen's Complaint Alleges Damages in Excess of $75,000**

Defendants argue that because the complaint in the underlying state court case does not include an amount of damages in its prayer for relief, only asking for "damages in an amount to be proven at trial," Christensen cannot have alleged damages in excess of $75,000.[28] However, when considering whether the amount in controversy meets the jurisdictional amount, a federal court may read the face of the complaint and consider the facts therein, even if the complaint does not provide an exact numerical value for the damages alleged.[29] Additionally, the court may consider other documentation to determine the amount in controversy, including affidavits or

---

[25] Id. at 5–6.

[26] I-D Elec. Inc v. Gillman, 2017 UT App 144, ¶ 29, 402 P.3d 802, 810, see also United States v. Swift & Co., 270 U.S. 124, 141 (1926) ("Under ordinary conditions, a valid agreement can be made for purchase and sale without the fixing of a specific price. In such a case a reasonable price is presumed to have been intended.").

[27] Underlying Compl. at 12, ¶ 58.

[28] Mot. to Dismiss at 3.

[29] McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (addressing jurisdictional amount in the context of removal).

5

copies of relevant contracts.[30] Here, although Christensen's complaint does not explicitly state the total amount of damages she claims, she does state that her case "falls within Tier 3 of Rule 26(c)(3) of the Utah Rules of Civil Procedure."[31] Rule 26(c)(3) sets forth differing amounts of fact discovery for cases in Utah's courts, with more fact discovery allotted to cases alleging higher damage amounts.[32] For a case to fall within Tier 3, it must allege in excess of $300,000 in damages.[33] Additionally, as previously discussed, Christensen alleges increased construction costs of $432,323, and a loss of $161,974 on the sale of the home, both of which she asserts are the fault of Pineview and Workman.[34] Taken together, these facts make clear that Christensen's complaint claims damages over $75,000, and supports State Auto's allegation that it may be called upon to indemnify Pineview and Workman that amount. This satisfies the subject matter jurisdictional requirements.

## CONCLUSION

State Auto has demonstrated that it is not legally certain that it will not be responsible for indemnification in excess of $75,000. Subject matter jurisdiction exists over Plaintiff's Complaint. Defendants' Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(1) is DENIED.

---

[30] Id.

[31] Underlying Compl. at 2, ¶ 7.

[32] Utah R. Civ. P. 26(c)(3) (West 2019).

[33] Id.

[34] Compl. at 3, ¶ 14–15.

Signed February 26, 2020.

BY THE COURT:

_____
David Barlow
United States District Judge