IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STATE AUTO INSURANCE COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>ANN MARIE CHRISTENSEN, an individual, and as Trustee of the Blaine and Ann Marie Christensen Trust, dated November 16, 2006; PINEVIEW BUILDERS, INC., a Utah corporation; and MICHAEL R. WORKMAN, an individual,<br><br>Defendants. | **ORDER DENYING [14] DEFENDANTS PINEVIEW BUILDERS, INC. AND MICHAEL R. WORKMAN'S RULE 56(d) MOTION TO DEFER OR DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00751-DBB-PMW<br><br>District Judge David Barlow |

Defendants Pineview Builders Inc. ("Pineview") and Michael R. Workman moved under Fed. R. Civ. P. 56(d) to defer or deny consideration (the "Motion")[1] of Plaintiff State Auto Insurance Companies' ("State Auto") Motion for Summary Judgment.[2] Defendants claim that they cannot respond to Plaintiff's Motion for Summary Judgment without conducting discovery.[3]

For the reasons that follow, the court DENIES the Motion.

## FACTS

State Auto provided liability insurance to Pineview during the construction of Ann Christensen's home.[4] Christensen sued Pineview and Workman in state court for damages from

---

[1] Defendants Pineview Builders, Inc. and Michael R. Workman's Rule 56(d) Motion to Defer or Deny Without Prejudice Plaintiff's Motion for Summary Judgment ("Motion"), ECF No. 14, filed January 28, 2020.

[2] Motion for Summary Judgment (by State Auto Insurance Companies) ("Motion for Summary Judgment"), ECF No. 11, filed December 23, 2019.

[3] Motion at 3.

[4] Complaint for Declaratory Judgment ("Compl.") at 5, ECF No. 2, filed October 10, 2019.

Pineview's alleged breach of the construction contract.[5] State Auto then filed this suit, requesting declaratory judgment that State Auto need not defend or indemnify Pineview and Workman in the state court lawsuit. State Auto maintains that this relief is appropriate because its insurance policy did not cover Pineview and Workman's alleged misconduct in constructing Christensen's home.[6] State Auto moved for summary judgment prior to the commencement of discovery or entry of a scheduling order, arguing that the language of the policy and Christensen's underlying complaint sufficiently establish that there is no genuine issue of material fact as to whether there is coverage for the events alleged.[7]

## LEGAL STANDARD

Fed. R. Civ. P. 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[8]

The Tenth Circuit has set forth a standard for such affidavits or declarations. "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."[9] Generally, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover

---

[5] Underlying Complaint, ECF No. 2–2, Exhibit 1 to Compl.

[6] Compl. at 14–15.

[7] Motion for Summary Judgment at 32–33.

[8] Fed. R. Civ. P. 56(d).

[9] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

information that is essential to his opposition."[10] Additionally, "requests for further discovery should ordinarily be treated liberally" unless the request is dilatory or meritless.[11] However, relief under Rule 56(d) is not automatic,[12] and "Rule 56[d] is not a license for a fishing expedition."[13] "Although discovery is the norm prior to granting summary judgment, a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion."[14]

## DISCUSSION

The court notes as a preliminary matter that Defendants filed a reply[15] to Plaintiff's memorandum in opposition[16] on April 2, 2020, thirty-seven days after the opposition was filed. The District of Utah's Local Rules state, "A memorandum opposing motions filed pursuant to Fed. R. Civ. P. . . . 56 must be filed within twenty-eight (28) days after service of the motion or within such time as allowed by the court. A reply memorandum to such opposing memorandum may be filed at the discretion of the movant within fourteen (14) days after service of the opposing memorandum."[17] Defendants did not file a motion seeking an extension of time, nor did they provide any reason for not complying with DUCivR 7-1(b)(3)(A). The reply is therefore STRICKEN as untimely.

---

[10] *Id.* at 1110 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[11] *Id.* (citing *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[12] *Id.* (citing *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006)).

[13] *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

[14] *Trans-W. Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (citing *Bryant v. O'Connor*, 848 F.2d 1064, 1067 (10th Cir. 1988)).

[15] Defendants Pineview Builders, Inc. and Michael R. Workman's Reply in Support Their Rule 56(d) Motion to Defer or Deny Without Prejudice Plaintiff's Motion for Summary Judgment and Request for Hearing, ECF No. 24, filed April 2, 2020.

[16] Memorandum Opposing Motion to Defer or Deny Without Prejudice Under Rule 56(d), ECF No. 17, filed February 25, 2020.

[17] DUCivR 7-1(b)(3)(A).

Even had the reply been timely, the question before the court is the sufficiency of Defendants' Rule 56(d) affidavit. Nothing contained in the reply is capable of remedying any defects in that affidavit. As the Tenth Circuit has noted, "[W]e may not look beyond the affidavit in considering a Rule 56(d) request."[18]

**Defendants' Affidavit Does Not Identify Probable Facts that Are Unavailable**

Defendants attach an affidavit from their attorney to the Motion.[19] The affidavit identifies the following areas of discovery as essential to Defendants' ability to obtain material facts necessary to respond to Plaintiff's Motion for Summary Judgment:

a. Investigate whether the Policy of Insurance, Declarations, Forms, and Endorsements attached as exhibits to and relied upon in Plaintiff's Motion for Summary Judgment are complete and accurate,

b. Investigate whether any modifications to the Policy of Insurance, Declarations, Forms, and Endorsements were discussed and/or implemented by the parties,

c. Investigate whether proper notice, if required, was delivered to Defendants for any changes or modifications to the Policy of Insurance, Declarations, Forms, and Endorsements,

d. Investigate whether authorized agents or spokespersons for Plaintiff made representations that are inconsistent with the Policy of Insurance and/or related Declarations, Forms, and Endorsements,

e. Investigate the parties' past course of dealings to determine whether there are grounds for asserting that prior actions constituted an implied change or waiver of policy terms,

f. Investigate whether Plaintiff's asserted reservation of rights under the Policy of Insurance was properly invoked and preserved,

g. Investigate whether representations made or actions taken by Plaintiff's agents, including but not limited to defense counsel in the underlying action, may constitute a waiver of Plaintiff's asserted reservation of rights.[20]

---

[18] *Cerveny*, 855 F.3d at 1110.

[19] Declaration of Richard A. Bednar, ECF No. 14 at 9–12.

[20] *Id.* at 11–12.

None of these are statements of probable facts. They are simply a list of the areas in which Defendants would like to take discovery. All seven of the areas state that Defendants want to "investigate whether" something has occurred, but do not set forth what the likely facts are. The Tenth Circuit has stated that "[S]ummary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint."[21] Similarly, although a party need not definitively prove the existence of the evidence, "the party seeking relief must provide some basis for the court to believe the existence of the facts sought is probable."[22] A movant's "vague list of general classes of evidence that he may investigate in discovery," such as "suggesting that [Plaintiff] would examine [Defendant's] policies and procedures, or search for witnesses to corroborate [Plaintiff's] claim" is insufficient.[23] Here, Defendants' affidavit does not meet the required standard because it does not identify the probable facts, contains only a list of evidence Defendants wish to investigate, and does not provide a basis for relief.

A Rule 56(d) affidavit also must indicate that the "probable facts" are unavailable. Defendants' affidavit makes no such claim or showing. It appears that many, if not all, of the areas Defendants propose to investigate are ones in which they already should have at least some of the facts. For example, Defendants state that they must "Investigate whether authorized agents or spokespersons for Plaintiff made representations that are inconsistent with the Policy of Insurance and/or related Declarations, Forms, and Endorsements."[24] This is information that

---

[21] *Wagner v. LTF Club Operations Co., Inc.*, No. 1:18-CV-00521-RBJ, 2019 WL 427733, at *4 (D. Colo. Feb. 4, 2019) (quoting *Meyer v. Dans un Jardin*, S.A., 816 F.2d 533, 537 (10th Cir. 1987).

[22] *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-CV-02298-DDC-GLR, 2017 WL 1364839, at *7 (D. Kan. Apr. 13, 2017) (internal quotation omitted).

[23] *Wagner*, 2019 WL 427733, at *3.

[24] *Id.* at 12.

should already be in Defendants' possession—if Defendants received some representation that differed from the terms of the written policy, they would know it already because they are the recipients of the policy and any such representations. Similarly, Defendants state that they must "Investigate the parties' past course of dealings to determine whether there are grounds for asserting that prior actions constituted an implied change or waiver of policy terms."[25] If the prior course of dealing and provision of coverage between Defendants and Plaintiff has differed from the situation in this action, Defendants would have had knowledge of same. A final example includes Defendants' request to investigate whether the policy and related documents attached are complete and accurate. Defendants should have copies of these documents, so they should already know whether they differ. In short, Defendants have made no showing that the facts they seek are unavailable to them.

Because Defendants' Rule 56(d) affidavit does not identify the probable facts which are unavailable, they have failed to carry their burden under Tenth Circuit case law and the Motion must be denied. The other three factors are addressed briefly.

**Defendants' Affidavit Does Not State Why the Listed Facts Cannot Be Presented Without Additional Time**

Defendants' affidavit states that "No discovery has been conducted by either party and the time for conducting discovery has not yet commenced."[26] Although Defendants are correct that discovery has not yet commenced, as previously discussed, many of the items listed should be known to the Defendants already. The Tenth Circuit has previously found dispositive a Rule 56(d) affidavit's lack of explanation as to "why the [movants] lack this evidence or how they've

---

[25] *Id.* at 12.

[26] Declaration of Richard Bednar at 11.

tried but so far failed to obtain it."[27] The Court finds that Defendants have failed to comply with the second requirement set forth by the Tenth Circuit for Rule 56(d) affidavits.

### Defendants' Affidavit Does Not Identify Past Steps Taken to Obtain These Facts

Neither the Motion nor the accompanying affidavit list what steps Defendants have taken to obtain the facts they claim are essential. Discovery has not yet begun, so there are limited steps Defendants could have taken to get information from Plaintiff, and filing this Motion is potentially one appropriate step.[28] However, as explained in the section above, Defendants do not explain why they are not already in possession of many of the facts for which they seek discovery. The affidavit fails to even identify a basis from Defendants' own knowledge to support their request for discovery. The court therefore finds that Defendants' affidavit does not comply with the third requirement set forth by the Tenth Circuit for Rule 56(d) affidavits.

### Defendants' Affidavit Does Not State How Additional Time Would Allow for Rebuttal of Plaintiff's Motion for Summary Judgment

In *Cerveny*, the Tenth Circuit found that movants' statement that "additional discovery would "outline the facts of the case" and provide "expert foundation" was not sufficient to satisfy the fourth Rule 56(d) factor.[29] Defendants' affidavit does not make **any** assertions as to how discovery of the allegedly essential facts sought would assist them in responding to or rebutting any arguments contained in Plaintiff's Motion for Summary Judgment. Although the court can infer that discovery of the listed facts could raise some issue of material fact about the insurance policy at issue, Defendants' affidavit does not make this averment or expand upon it,

---

[27] *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

[28] *Saiz v. Franco*, No. 15-CV-587-MCA-WPL, 2017 WL 3405608, at *4 (D.N.M. Mar. 23, 2017) (finding that an order staying discovery precluded the movant from obtaining essential facts, and that a Rule 56(d) motion was the appropriate action to get that discovery).

[29] *Cerveny*, 855 F.3d at 1110 (emphasis added).

even to the vague level of the affidavit in *Cerveny*. Therefore, the court finds that Defendants' affidavit fails to meet the fourth factor set forth by the Tenth Circuit for Rule 56(d) affidavits.

## CONCLUSION

Defendants' affidavit does not meet the standard set forth by the Tenth Circuit for motions under Rule 56(d). For this reason, the court DENIES the Motion WITHOUT PREJUDICE. Defendants will have fourteen (14) days from the entry of this order to file a new motion with a compliant affidavit. Alternatively, Defendants may respond to the Motion for Summary Judgment within twenty-eight (28) days from the entry of this order.

Signed April 6, 2020.

BY THE COURT

_____
David Barlow
United States District Judge